Annie Goldstein, Appellee, v. City of Chicago, Appellant.

Gen. No. 16,939.

1. APPEALS AND ERRORS—*when validity of statute not involved.* On an appeal to the Appellate Court from a judgment on overruling a demurrer to a declaration against a city for destroying a building by virtue of an ordinance authorizing the destruction of dangerous buildings, the validity of a statute is not involved.

2. APPEALS AND ERRORS—*when certificate that validity of ordinance is involved must be made.* The Appellate Court will not transfer a cause to the Supreme Court on filing of a certificate of the trial judge in accordance with the Practice Act, section 118, that the validity of a municipal ordinance is involved or that the public interest requires the transfer, if the certificate is not made seasonably.

3. MUNICIPAL CORPORATIONS—*what allegations of fact are admitted by demurrer.* A city demurring to a declaration that it wrongfully destroyed a building by virtue of an ordinance authorizing the destruction of dangerous buildings, admits such allegations of fact as are well pleaded.

4. MUNICIPAL CORPORATIONS—*when declaration for destruction of building states good cause of action.* A declaration in trespass by the owner of a building against a city setting out an ordinance authorizing the building commissioner to tear down dangerous buildings after notice to the owner, and a notice to the owner that the building was dangerous and would be torn down if the owner did not do so, averring that the building was torn down by the city and that it was not dangerous and could have been repaired, and making other like averments negativing the provisions and conditions of the ordinance and notice and making appropriate averments as to ownership, location of the property and damages, states a good cause of action.

5. MUNICIPAL CORPORATIONS—*power to demolish dangerous buildings.* Under the police power a city may not enact an ordinance authorizing the building commissioners to tear down dangerous buildings after notice to the owner and tear down a building, without answering to the owner if the building is not dangerous.

Appeal from the Circuit Court of Cook county; the Hon. JOHN GIBBONS, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1910. Affirmed. Opinion filed October 3, 1912.

EDWARD J. BRUNDAGE and WILLIAM H. SEXTON, for appellant; OSCAR H. OLSON and CHARLES G. HUTCHINSON, of counsel.

HENRY M. PIERCE and W. S. JOHNSON, for appellee.

MR. PRESIDING JUSTICE GRIDLEY delivered the opinion of the court.

This was an action in *trespass* commenced in the Circuit Court of Cook county, September 30, 1901, by

Annie Goldstein, appellee and hereinafter called plaintiff, against City of Chicago, appellant and hereinafter called defendant, Peter Kiolbassa, W. H. Musham, W. A. Wells, A. E. Wells and The Northern Trust Company, a corporation, to recover damages for the alleged wrongful action of the defendants in tearing down a certain frame building owned by plaintiff. Subsequently to the filing of the original declaration, which consisted of one count, and before plaintiff filed the additional count hereinafter mentioned, the suit was dismissed or abated as to all parties defendant except the City of Chicago. On November 16, 1909, by leave of court, plaintiff filed an additional count to her declaration, and the general demurrer of the defendant theretofore filed to the original count was ordered to stand to said additional count. On June 22, 1910, the demurrer of the defendant to both counts was overruled and the defendant given time within which to plead. On July 12, 1910, the defendant elected to stand by its demurrer, and the court, after hearing proofs, assessed plaintiff's damages at $1,500, and entered judgment in her favor for said sum, together with costs. This appeal is prosecuted to reverse that judgment.

Subsequently to the filing of the record in this court, counsel for defendant here moved to transfer the cause to the Supreme Court, because (a) the validity of a statute was involved, and (b) the trial judge had certified in accordance with Section 118 of the Practice Act that the validity of a municipal ordinance was involved, and that in his opinion the public interest required the transfer, but the motion was denied. Goldstein v. City of Chicago, 157 Ill. App. 272.

The original count charged, substantially, that on September 28, 1901, the defendants, in said county, with force and arms, broke and entered a certain dwelling house of the plaintiff, situate on certain property (describing it), in the city of Chicago, and tore down,

damaged and destroyed said dwelling house, and thereby deprived plaintiff of the same and the possession, use, occupation and enjoyment, and the rents, issues and profits thereof for all time to come, which said dwelling house, at the time of the committing of said grievances, was of the value of $8,000, and that the defendants then and there did other wrongs, against the peace of the people of the state and to the damage of plaintiff, etc.

The additional count charged, substantially, that on said date plaintiff was the owner and in possession of a certain two-story frame building with appurtenances thereto; that said building was used as a dwelling house and situate on certain property (describing it) in Chicago, otherwise known as No. 108 Pacific avenue; that on said date there were in force certain general ordinances of said city known as the Building Ordinances, and more particularly a certain section thereof, known as Section 229, which was as follows:

"He (the Building Commissioner of the City of Chicago) shall have authority, if he find any building or part thereof, in such condition as to endanger life, and finds that such danger may be averted by immediate application of precautionary measures, cause such precautionary measures to be taken, and do all work necessary to render said building, or any part thereof, safe, having first served written notice upon the owner, lessee, occupant or agent of said building, personally; he shall also have authority to direct the fire department after written notice has been served upon the owner, lessee, occupant or agent, personally, to tear down any defective or dangerous wall, or any building or part thereof, standing in violation of the terms of this chapter;"

That said defendant, City of Chicago, by virtue of said ordinance did, by and through its said commissioner of buildings, on September 13, 1901, serve upon plaintiff the following notice in writing:

"You are hereby notified as owner of two-story frame building at 108 Pacific avenue that said building

is damaged over 50 per cent. of its original value and cannot be repaired and is hereby condemned, and you are further notified to have said building taken down within five (5) days from the receipt of this notice, or I shall have said buildings taken down by the city fire department and the expense charged to you.

(Signed)   PETER KIOLBASSA,<br>Commissioner of Buildings.''

That on September 27, 1901, said defendant, then and there acting under and by virtue of said ordinance and through its said commissioner of buildings, gave the following order and direction in writing to the chief of the fire department of said city:

''Please send hook and ladder company to tear down a frame building at 108 Pacific Avenue which has been condemned by City Building Department under direction of Inspector John R. Peters.

(Stamped)   PETER KIOLBASSA.''

That on September 28, 1901, said defendant, acting under and by virtue of said ordinance, and without any authoritative investigation beforehand, or the finding of any jury that said building was in such a condition as to endanger life, or that it was damaged over 50 per cent. of its original value and could not be repaired, and without any compensation paid to plaintiff, or any finding or awarding of damages to plaintiff, or by any offer by said city to reimburse her, proceeded to and did condemn said building and, acting by its said servants and officers and by virtue of the authority of said ordinance, entered upon said premises without leave or license and against the will of plaintiff, and with force and arms threw the furniture of plaintiff's tenants from said building into the street, and utterly destroyed, demolished and razed said building and appurtenances thereto to the ground; that within a period of about a year prior thereto, new foundations had been put under said building; that the material of which said building was constituted at the time of its demolition consisted of sound timber, wood, and ma-

terials, and had not depreciated 50 per cent. of its original value, nor had it depreciated in value to any material or appreciable extent, and was in good state of repair and preservation, and was not in such a condition as to endanger life; that said building was occupied on the day of its destruction and had been long prior thereto by tenants of plaintiff, from whom plaintiff had received for a long time prior thereto and was receiving a monthly rental of $60, and an annual rental of $720; that thereby plaintiff will be deprived of said dwelling house, and its possession, use and occupation, and the rents, issues and profits thereof for all time to come; that said dwelling house was of the value of $8,000, and that defendant did other wrongs against the peace of the people of this state, to the damage of plaintiff, etc.

Counsel for defendant here contend that the judgment of the trial court should be reversed because neither count of the declaration states a good cause of action. By demurring to the declaration the defendant admitted such allegations of fact as were in each count severally well pleaded. Without passing upon the sufficiency of the original count, we are of the opinion that the additional count stated a good cause of action, and, admitting the well pleaded allegations of fact therein contained to be true, warranted the court in entering the judgment it did. Sings v. City of Joliet, 237 Ill. 300.

Counsel for defendant also contend that the city council had authority to enact the ordinance set forth in the declaration, that the acts complained of were done in the valid exercise of the police power, and that, therefore, under the facts·as alleged, the defendant cannot be held liable. Under the authority of the Sings case, *supra*, we cannot agree with counsel's contention, and the judgment will be affirmed.

*Affirmed.*